IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIO BAKHTIARI, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3866 |
| | § | |
| AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF | § | |
| FLORIDA, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This insurance coverage dispute is before the Court on the Motion to Compel Appraisal and Abate the Case Pending Appraisal ("Motion") [Doc. # 10] filed by Defendant American Bankers Insurance Company of Florida ("ABIC"), to which Plaintiff Elio Bakhtiari filed a Response [Doc. # 16], and ABIC filed a Reply [Doc. # 18]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** the Motion.

**I.     FACTUAL BACKGROUND**

Plaintiff's home was insured under a Texas Residential Insurance Policy (the "Policy") issued by ABIC. The Policy includes a provision that allows either party to make a written demand for an appraisal if the parties fail to agree on the actual value of a loss. *See* Policy Appraisal Provision, ¶ 7, attached to Motion as

Appendix 2. Plaintiff alleges that his home suffered damage during Hurricane Ike and that he filed a claim under the Policy with ABIC.

On October 15, 2008, ABIC informed Plaintiff that it had determined that the only damage to Plaintiff's home caused by Hurricane Ike was to a fence. ABIC further informed Plaintiff that it had found the value of the damage to be below the deductible under the Policy and, as a result, there would be no payment under the Policy. During the following months, Plaintiff communicated frequently with ABIC's claims department requesting additional information. On November 6, 2008, Plaintiff stated that he had not received an explanation of benefits on his claim. Although ABIC's records reflected that the material had previously been sent, ABIC sent Plaintiff another copy of the explanation of benefits. There were no further communications between Plaintiff and ABIC after that date until August 9, 2010, when ABIC was contacted by an attorney representing Plaintiff.

Plaintiff filed this lawsuit in Texas state court on September 11, 2010. ABIC removed the case to federal court and filed its answer on October 16, 2010. In its Answer, ABIC asserted the appraisal provision. *See* Answer [Doc. # 2], ¶ 7. ABIC also asserted the appraisal requirement in the Joint Discovery/Case Management Plan ("Case Management Plan") filed January 28, 2011. *See* Case Management Plan [Doc.

# 9], ¶¶ 14-16.  ABIC then filed this Motion, which has been fully briefed and is ripe for decision.

## II.    ANALYSIS

### A.    Appraisal Obligations

"An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'"  *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009) (quoting *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)).  Though the line between the two is not always clear, the scope of appraisal is limited to questions of damages, not liability.  *Johnson*, 290 S.W.3d at 889-90.

The Texas Supreme Court recently enunciated a strong policy in favor of enforcing appraisal clauses in insurance contracts regardless of concerns that may exist about the scope of appraisal.  *See id.* at 888-89, 895.  The court noted that virtually all homeowners insurance policies contain appraisal clauses as a method for resolving disputes about the "amount of loss" for a covered claim, and stated that, like other contractual provisions, appraisal clauses should be enforced.  *Id.*  "Unless the 'amount of loss' will never be needed," the court stated, "appraisals should generally go forward without preemptive intervention by the courts."  *Id.* at 895.

In this case, Plaintiff does not dispute that the Policy contains a valid appraisal clause.  It is clear that the parties do not agree about the value of the damage to

Plaintiff's home caused by Hurricane Ike, and that ABIC has invoked the Policy's provision for an appraisal.

### B. Waiver

Plaintiff argues that ABIC waived the right to invoke the appraisal provision in the insurance policy. Waiver is an affirmative defense that can be successfully maintained against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with asserting that right. *In re Acadia*, 279 S.W.3d 777, 779 (Tex. App.—Amarillo 2007, orig. proceeding) (citing *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)); *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding). The key inquiry is the question of intent to waive the right. *Id.* (citing *Rodriguez v. Classical Custom Homes, Inc.*, 176 S.W.3d 928, 932 (Tex. App.—Dallas 2005, no pet.)). "Silence or inaction, for so long a period as to show an intention to yield the known right," is sufficient to prove waiver. *Tenneco*, 925 S.W.2d at 643. The party asserting waiver of an appraisal clause has the burden of proof. *In re State Farm Lloyds,* 170 S.W.3d at 634; *Laas v. State Farm Mut. Auto. Ins. Co.*, 2000 WL 1125287, at *7 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied) (citing *Emscor Mfg., Inc. v. Alliance Ins. Group.* 879 S.W.2d 894, 917 (Tex. App.—Houston [14th Dist.] 1994, writ denied)).

Waiver is ordinarily a question of fact, but where the facts are admitted or clearly established, it becomes a question of law. *Tenneco*, 925 S.W.2d at 643. "The trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." *Laas*, 2000 WL 1125287 at *6 (citing *Terra Industries, Inc. v. Commonwealth Ins. Co. of America*, 951 F. Supp. 581, 602. (N.D. Iowa 1997)).

The Texas Supreme Court explained over a hundred years ago, in a case involving an insurer's alleged waiver of the right to invoke an appraisal clause in an insurance contract,

> the acts relied on as constituting waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss and regulating the appraisement of the damage done is not desired, and that it would be of no effect if observed by him.

*Scottish Union v. Clancy*, 18 S.W. 439, 441 (Tex. 1892).

When a policy is silent as to time, the law will require that the demand for appraisal be made within a reasonable amount of time. *Laas*, 2000 WL 1125287 at *6 (citing *Lion Fire Ins. Co. v. Heath,* 68 S.W. 305, 306 (Tex. Civ. App. 1902, no writ)). "An insurance company cannot merely wait its own time to make a demand for appraisal, but must make it 'in a seasonable and reasonable time.'" *Id.* (quoting *Boston Insurance Co. v. Kirby*, 281 S.W. 275, 276 (Tex. Civ. App.—Eastland 1926,

no writ)). The proper point of reference for determining whether an insurer waived the right to invoke appraisal by delay is the point at which the insurer knew the appraisal clause could be invoked because of a disagreement over the amount of damages, that is, the point of impasse with the insured. *Laas*, 2000 WL 1125287 at *6 (citing *Terra Industries*, 951 F. Supp. at 603); *see also Dwyer v. Fidelity Nat. Property and Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009).

In this case, ABIC reviewed and evaluated Plaintiff's claim for approximately one month after Plaintiff filed his claim. On November 6, 2008, ABIC responded to a communication from Plaintiff by sending him another copy of the explanation of benefits. There was no basis at that point for ABIC to believe that there existed a dispute with Plaintiff and that the parties were at an impasse.

On September 10, 2010, Plaintiff filed this lawsuit, thereby giving ABIC notice that there was a dispute that had reached an impasse. When ABIC filed its Answer on October 16, 2010, within thirty (30) days after ABIC was served with process, it gave Plaintiff timely written notice that it was invoking its right under the Policy to require an appraisal. The Court concludes, based on the undisputed evidence in the record, that ABIC did not waive its right to an appraisal.

    **C.**    <u>**Request for Abatement**</u>

ABIC argues that the lawsuit should be abated until the appraisal process is completed. Plaintiff argues that the Court cannot abate this lawsuit because the appraisal provision is not a condition precedent to litigation. This argument has been rejected by the Texas Supreme Court. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009).

The Court notes that this case has been pending in federal court only since October 2010. The current deadline for the parties to complete discovery is not until March 17, 2012, and the case is not scheduled for docket call until June 28, 2012. Although the Court believes that additional discovery, including the results of the appraisal, will assist the parties in resolving this dispute, the Court finds that there is adequate time in the current schedule to allow the parties an opportunity to focus on the appraisal process without the additional expense of conducting other discovery. As a result, the Court exercises its discretion to grant ABIC's request that the case be abated. The Court will abate this case for a period of ninety (90) days from entry of this Memorandum and Order. At the end of the ninety-day period, the parties may request that the abatement be extended if the appraisal process has not been completed.

## IV.     CONCLUSION AND ORDER

It is uncontested that the insurance policy at issue in this case includes an appraisal provision. The Court concludes, based on the undisputed record, that ABIC made a prompt and timely demand for appraisal after the parties reached an impasse. As a result, ABIC did not waive its right to enforce the appraisal provision. There is sufficient time in the current schedule in this case to allow the parties to focus on the appraisal process before conducting other discovery. Accordingly, it is hereby

**ORDERED** that the Motion to Compel Appraisal and Abate the Case Pending Appraisal [Doc. # 10] is **GRANTED**. At either party's request, the appraiser(s) should use a form of appraisal award similar to that attached as Appendix 3 to the Motion.

SIGNED at Houston, Texas, this 22nd day of **April, 2011.**

_____
Nancy F. Atlas
United States District Judge